UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:06CV00497 (JGP) |
| Harry L. Thomas | : |
| Defendant. | : |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW plaintiff, United States of America, through counsel, and hereby files its Motion for Summary Judgment. As grounds for such, the Government respectfully states the following.

1. This case concerns the defendant's execution of two promissory notes to procure student loans. The loans were repayable in installments, the first such installment to be due on a date no more than six months after the date the defendant ceased to carry at an eligible institution at least one half the normal full-time academic work load there.

2. The notes were insured by the United States Department of Education pursuant to the provisions or Title IV of the Higher Education Act of 1965, as amended.

3. On or about November 1,1983 and September 7, 1984, the defendant applied for and received two (2) guaranteed loans of $2,500.00, respectively (totaling $5,000.00) from Gibraltar Building and Loan (Annapolis, Maryland) for attendance at an eligible educational institution. *See* Exhibits A-1 and A-2 attached to the Complaint and the Certificate of Indebtedness, Exhibit B to the Complaint.

4. On December 2, 1985 the defendant defaulted on his obligations under the Notes.

5.      On December 9, 1992 the guarantor assigned its right and title to the loans to the United States Department of Education. Declaration of Lola Hom, ¶2, attached hereto. Since assignment of the loans, the Department of Education has payments totaling $2,165.00 from all sources including offsets. Declaration of Lola Hom, ¶2, attached hereto.

6.      The Complaint in this case was filed on March 17, 2006. The defendant was served with the Summons and Complaint on April 8, 2006. Through counsel, the defendant filed his Answer on April 20, 2006.

7.      The defendant has admitted executing the Note and defaulting thereunder. *See* defendant's Answer, ¶¶3-4.

8.      The defendant provides no proof or evidence to support his affirmative defenses under ¶¶ (5) through ¶¶(12) of his Answer to the Complaint. Accordingly, there is no basis in this record to discharge the defendant from the obligations of his defaulted loans.

9.      After all adjustments and credits to his account, the defendant owes the United States as of April 26, 2006, the total amount of $13,026.06, which includes: a) $5,345.20 in principal; and b) $7,680.86 in interest as of April 26, 2006. Declaration of Lola Hom, ¶2 and attachments thereto. In addition, the defendant owes attorneys fees of $3,794.00 in accordance with ¶(6) of the Promissory Notes, plus courts costs of $350.00, plus process servers costs of $50.00.

WHEREFORE, the United States respectfully requests that this Court grant this Motion for Summary Judgment and award plaintiff $16,820.06 as judgment against the defendant. The Government also requests post judgment interest at the legal rate until the judgment is paid in full plus the costs of this action.

Respectfully Submitted,

_____/S/_____

Thomas A. Mauro, Bar No. 184515
1020 19th Street, N.W.
Suite 400
Washington, D.C. 20036
PH: (202) 452-9865
FAX: (202) 452 0092

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Motion for Summary Judgment and accompanying Memorandum, Statement, Declaration and proposed Order have been mailed, first class mail, postage prepaid to Purcell Luke, Esq., 220 East Main Street, Suite B, Salisbury, Maryland 20801, this 10th day of May, 2006.

_____s_____
Thomas A. Mauro

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 1:06cv00497 (JGP) |
| v. : | |
| : | |
| Harry L. Thomas : | |
| : | |
| Defendant. : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1.  Summary Judgments are looked upon with favor where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Freeman v.. Continental Gin Co.*, 381 F.2d 459 (5th Cir. 1967). Rule 56 is intended to be used to allow courts to dispose of the case in advance of a hearing on the merits when pleadings, admissions, and affidavits show that there are no genuine issues of material fact. *Bryant v. Kentucky*, 490 F.2d 1273 (6th Cir. 1974).

2.  The only issues necessary for resolution of plaintiff's motion in this case are: a) did the defendant incur a debt through a promissory note of which the United States is now holder; b) is the defendant in default under his promise to repay the monies borrowed under that promissory note.

3.  The defendant has admitted to the Court that he executed the Promissory Note and that he subsequently defaulted on it. *See* defendant's Answer To Complaint, ¶¶3-4. The defendant has failed to provide any proof or evidence to support his affirmative defenses. Accordingly, the plaintiff is entitled to judgment on the issue of liability in this case.

4.  The Declaration of Lola Hom plus the attachments thereto, which is attached to the Motion

1

is dispositive of the amount of the defendant's indebtedness to the Government due to his default under the Notes. The Declaration includes credit for all of the payments made by the defendant and states the balance due in this case before imposition of attorneys fees and costs as of April 26, 2006.

5.     "Summary judgment may be granted ... if the moving party proves that no substantial and material facts are in dispute and that [movant] is entitled to judgment as a matter of law." *Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979) (quoting *National Cablevision Association, Inc. v.. F. C. C.*, 479 F2d 183, l86 (D.C. Cir. 1973)); F. R. Civ. P. 56(c); *Perry v. Black*, 221 U.S.App.DC. 347, 684 F.2d 121 (1982); *Prakash v. American University*, 234 U.S.App.D.C. 75, 727 F.2d 1174 (1984).  It is submitted that because there are no genuine disputes as to the issues of liability and amount, summary judgment against the defendant is appropriate.

6.     The defendant having admitted incurring the debt and being in default, and their being no dispute as to payments made and the balance due, that plaintiff is entitled to judgment as a matter of law.

                                             Respectfully Submitted,


                                             _____s_____
                                             Thomas A. Mauro, Bar No. 184515
                                             1020 19th Street, N.W.
                                             Suite 400
                                             Washington, D.C. 20036
                                             PH: (202) 452-9865
                                             FAX: (202) 452 0092

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 1:06cv00497 (JGP) |
| v. : | |
| : | |
| Harry L. Thomas : | |
| : | |
| Defendant. : | |

**STATEMENT OF GENUINE ISSUES NOT IN DISPUTE**

1.     On or about November 1,1983 and September 7, 1984, the defendant applied for and received two (2) guaranteed loans of $2,500.00, respectively (totaling $5,000.00) from Gibraltar Building and Loan (Annapolis, Maryland) for attendance at an eligible educational institution.  *See* Exhibits A-1 and A-2 attached to the Complaint.

2.     The holder demanded payment according to the terms of the notes and on December 2, 1985 the defendant defaulted on his obligations to the holder.

3.     The United States paid the guaranty under the Notes to the original holder and is now holder of the Notes entitled to collect all unpaid balances under the Notes plus its reasonable collection costs and penalties under the Notes.

4.     The defendant executed the Promissory Notes and has admitted to his continuing default.

5.     The defendant has failed, to provide any proof or evidence to support his affirmative defenses.

6.     The amount now justly due and owing the United States from defendant Harry L. Thomas is $13, 026.06 as of April 26, 2006, plus attorneys fees of $3,794.00, plus costs of $280.00.

Respectfully Submitted,

_____s_____
Thomas A. Mauro, Bar No. 184515
1020 19th  Street, N.W.
Suite 400
Washington, D.C. 20036
PH: (202) 452-9865; FAX: (202) 452 0092

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 1:06cv00497 (JGP) |
| v. | : | |
| | : | |
| Harry L. Thomas, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING SUMMARY JUDGMENT
IN FAVOR OF THE PLAINTIFF**

This matter, having come before the Court on Plaintiff's Motion for Summary Judgment. The Court has reviewed the pleadings of the parties and is otherwise fully advised in this matter.

Based upon a review of the record in this case, the Court concludes that there are no genuine issues of fact concerning the liability of the defendant in this case and that the defendant is liable to the United States because of his default under the terms of the promissory note before the Court. The record further demonstrates and is not in dispute that the amount due the United States as of April 26, 2006 is $13,026.06, which includes: (a) $5,345.20 in principal and (b) $7,680.86 in interest. In addition, the Promissory Notes, ¶6 provide for the recovery of reasonable attorneys fees, in this case $3,794.00. Courts costs of $350.00 and process server fees of $50.00 will also be awarded.

WHEREFORE, the Court having reviewed the pleadings of the parties and the entire record in this case, having determined that the plaintiff is entitled to judgment as a matter of law, and being otherwise fully advised in this matter, it is this _____ day of _____ 2006, hereby,

ORDERED, that plaintiff's motion for summary judgment is GRANTED; and it is

FURTHER ORDERED, that the United States is granted judgment against the defendant,

1

Harry L. Thomas, in the amount of $$16,820.06, which includes $5,345.20 in principal, $7,680.86 in interest as of April 26, 2006, and attorneys fees of $3,794.00; and it is

   FURTHER ORDERED, that defendant shall also pay post judgment interest at the legal rate until the judgment is paid in full plus the costs of $280.00 in this action.

                _____
                United States District Judge

Copies to:

Thomas A. Mauro, Esq.
1020 19th Street, N.W.
Suite 400
Washington, D.C. 20036

Purcell Luke, Esq.
220 East Main Street
Suite B
Salisbury, Maryland 20801